IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                        Case No. 4:18-cr-40020

ALDO DANIEL GASTELUM                                                  DEFENDANT

## ORDER

Before the Court is Defendant Aldo Gastelum's Request for Release on Bail Pending Sentencing Under 18 U.S.C. § 3145 and/or Bail Pending Appeal Under 18 U.S.C. § 3143; or, In the Alterative, Transfer to a Federal Facility. (ECF No. 77). The Government has filed a response. (ECF No. 78). The Court finds this matter ripe for consideration.

## BACKGROUND

Defendant is awaiting sentencing after pleading guilty to one count of possession with intent to distribute more than five (5) kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii)(II). After Defendant entered his guilty plea, the Court ordered him detained pursuant to the mandatory detention provisions of 18 U.S.C. §§ 3143(a)(2) and 3142(f)(1)(C). On February 10, 2020, Defendant filed the instant motion, requesting release on bail pending sentencing and appeal. In the alternative, Defendant, who is being housed in Miller County Jail in the Miller County, Arkansas, moves the Court to transfer him to a federal facility, citing a desire to obtain better treatment for various medical conditions. The Government opposes the motion.

**DISCUSSION**

The Court will first address whether Defendant should be released pending sentencing or appeal. If the Court finds that Defendant should not be released, the Court will consider his request to be transferred to a federal facility.

**A. Release Pending Sentencing**

Under 18 U.S.C. § 3145(c), in the absence of "exceptional reasons," a district court is required by 18 U.S.C. § 3143(a)(2) to order the detention of a defendant convicted of an offense in violation of the Controlled Substances Act "for which a maximum term of imprisonment of ten years or more is prescribed," 18 U.S.C. § 3142(f)(1)(c), and who is awaiting sentencing unless the court finds "there is a substantial likelihood that a motion for acquittal or new trial will be granted," or "the Government has recommended that no sentence of imprisonment be imposed." *United States v. Schmitt*, 515 F. App'x 646, 647 (8th Cir. 2013).

In the case at bar, Defendant has pleaded guilty to an offense described in the Controlled Substances Act for which a maximum term of imprisonment of ten years or more is prescribed. Because of the guilty plea, no motion for acquittal or motion for a new trial can be granted. The Government has also recommended that Defendant serve a term of imprisonment. Therefore, neither exception to mandatory detention under 18 U.S.C. § 3143(a)(2) applies. Thus, the Court must determine whether Defendant has "clearly shown that there are exceptional reasons why [his] detention would not be appropriate." 18 U.S.C. § 3145(c).

"Exceptional reasons" within the meaning of 18 U.S.C. § 3145(c) are "clearly out of the ordinary, uncommon or rare." *United States v. Nickell*, 512 F. App'x. 660, 661 (8th Cir. 2013); *United States v. Brown*, 368 F.3d 992, 993 (8th Cir. 2004). Good behavior, compliance with terms of pre-trial release, lack of criminal history, and ongoing employment and education do not

constitute "exceptional reasons." *United States v. Larue*, 478 F.3d 924, 925-26 (8th Cir. 2007). Neither does past military service or treatment for ongoing medical conditions. *United States v. Krantz*, 530 F. App'x 609, 610 (8th Cir. 2013); *Brown*, 368 F.3d at 993.

Defendant argues that he should be released because (1) the Government did not oppose pre-sentencing release at his change of plea hearing; (2) he suffers from several medical conditions; (3) he served several combat tours in Iraq and Afghanistan; and (4) he plans to appeal his conviction.

Upon consideration, the Court finds that Defendant has failed to demonstrate "exceptional reasons" why he should not be detained. The Court detaining a defendant after he pleaded guilty to a mandatory detention offense is far from "uncommon," even absent objection from the Government. Past military service and seeking medical treatment have also been rejected as "exceptional reasons." *Krantz*, 530 F. App'x 609, 610; *Brown*, 368 F.3d at 993. Moreover, a potential appeal is not "out of the ordinary."

Therefore, Court finds Defendant's request for release pending sentencing should be denied.

**B. Release Pending Appeal**

Defendant has also moved for release pending appeal pursuant to 18 U.S.C. § 1343(b). Section 3143(b) clearly contemplates that a motion for release pending appeal cannot be made prior to the filing of the appeal. *See* 18 U.S.C. § 1343(b) (stating that court may order release of defendant "who has filed an appeal"); *see also United States v. Smith*, 595 F. Supp. 2d 953, 956 (S.D. Iowa 2009) (finding court could consider section 3143(b) motion because notice of appeal had been filed). Defendant has yet to file a notice of appeal in this case. Accordingly, the Court finds that Defendant's request for release pending appeal is unripe and should be denied.

### C. Transfer to a Federal Facility

Because the Court has denied Defendant's requests for release pending sentencing and pending appeal, it now addresses Defendant's request for transfer to a federal facility.

Defendant is currently being housed in the Miller County Jail in Miller County, Arkansas. Defendant argues that he should be transferred to a federal facility in order to receive better medical treatment for several medical conditions. In support of his request for transfer, Defendant submitted an unsworn declaration from his wife, Cassondra Gastelum, outlining his various medical conditions and courses of treatment and expressing concern that he will not receive adequate medical treatment while incarcerated in the Miller County Jail.[1] In response, the Government argues that there is no evidence that Defendant is not receiving adequate medical treatment in the Miller County Jail. The Government also argues that Cassondra Gastelum, who is not a physician or licensed medical professional, is not qualified to opine on the quality of Defendant's medical care.

The Court agrees with the Government. Although Defendant does appear to suffer from several medical conditions, there is no indication that Defendant has been denied any necessary medical treatment or that the Miller County Jail is incapable of rendering adequate medical treatment should the need arise. Rather, Defendant presumes that he would receive better medical treatment if he were housed in a federal facility. Moreover, Defendant has not presented any medical evidence that being housed in the Miller County Jail is adversely affecting his health.

---

[1] Cassondra Gastelum indicates that Defendant suffers from numerous medical conditions stemming from his military service and a subsequent automobile accident including, traumatic brain injury, post-traumatic stress disorder, migraines, cluster headaches, back injuries, nerve damage, gastrointestinal problems, loss of mobility, and light sensitivity.

Accordingly, the Court finds that Defendant's request for transfer to a federal facility should be denied.

## CONCLSION

For the foregoing reasons, the Court finds that Defendant's Request for Release on Bail Pending Sentencing Under 18 U.S.C. § 3145 and/or Bail Pending Appeal Under 18 U.S.C. § 3143; or, In the Alterative, Transfer to a Federal Facility (ECF No. 77) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 10th day of March, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge